MILLER *v.* SUPERINTENDENT OF INDIANA BOYS' SCHOOL.

[No. 26,512. Filed November 1, 1935.]

*Robert A. Buhler,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *William E. Bussell,* Deputy Attorney-General, for appellee.

FANSLER, J.—Appellant filed a petition for a writ of habeas corpus. A motion to quash the writ was sustained, and there was judgment against appellant.

Error is assigned upon the ruling on the motion to quash.

An affidavit was filed against appellant in juvenile court, either charging him with a crime or with being a delinquent child. The character of the charges does not clearly appear, nor is it important to a determination of the issue. He entered a plea of guilty, and the court withheld judgment, as provided in §1705, Burns 1926, §9-2814, Burns 1933, §1761, Baldwin's 1934, and ordered him returned to his mother under the supervision of the probation officer. About thirty days later, on complaint of the probation officer, and after hearing evidence, an order was entered to the effect that at the time of the original trial appellant had not attained his sixteenth birthday; "that he is guilty as charged in the affidavit; . . . that he is a delinquent child and that it is for the best interest of said child that he stand committed to the care, custody and control of the Board of Trustees of the Indiana Boys' School;" and that at the time of this later hearing and order appellant had completed his sixteenth year.

Appellant's petition for a writ of habeas corpus is upon the theory that the judgment of the court and the commitment are void, for the reason that the court had no jurisdiction to enter judgment and issue the commitment after appellant had completed his sixteenth year.

Section 9-2814, Burns 1933, provides that whenever a complaint is made or pending against a boy before he has completed his sixteenth year, for the commission of any offense not punishable with imprisonment for life or with the death penalty, it shall be the duty of any court or magistrate before whom the cause is pending to transmit all papers in the cause to the juvenile court, which shall have jurisdiction; and that complaints in

writing against such boys may be filed directly in the juvenile court, charging them with criminal offenses or with being delinquent.

The jurisdiction of the juvenile court is determined by the age of the boy at the time he is charged with crime or delinquency, and not by his age at the time the trial is completed or judgment entered.

Jurisdiction of the person of a boy, once having vested in the juvenile court, continues and the court may control the custody and discipline of the boy until he has reached the age of twenty-one years. The statutes are not susceptible of any other construction.

The commitment was not void for want of jurisdiction in the juvenile court to issue it, and the writ was properly quashed.

Judgment affirmed.